## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAVID WILLIAM DRAGOWSKY,
*Defendant-Appellant.*

Multnomah County Circuit Court
050362055; A128889

169 P3d 1271

John L. Susac argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, Office of Public Defense Services, and Peter Gartlan, Chief Defender, Legal Services Division.

Mary H. Williams argued the cause for respondent. With her on the brief was Hardy Myers, Attorney General.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

EDMONDS, P. J.

Sercombe, J., dissenting.

**EDMONDS, P. J.**

Defendant appeals a judgment for contempt of court in which he was convicted of violating an abuse prevention restraining order. ORS 33.015(2)(b). Defendant assigns error to the trial court's denial of his motion for a judgment of acquittal. He argues that the evidence was insufficient to allow a reasonable trier of fact to find that he willfully entered or attempted to enter within 150 feet of the victim as prohibited by the restraining order. We affirm.

■      When reviewing the denial of a motion for a judgment of acquittal, we determine whether the evidence, viewed in the light most favorable to the state, permits a reasonable trier of fact to find that the elements of the crime were proved beyond a reasonable doubt. *State v. McMillan*, 199 Or App 408, 411-12, 111 P3d 1154 (2005). In making that determination, we resolve any conflicts in the evidence in favor of the state, give the state the benefit of all reasonable inferences that may properly be drawn, and accept the factfinder's reasonable credibility choices. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

■      Defendant argues on appeal that there was insufficient evidence from which a reasonable factfinder could find that he willfully violated a restraining order prohibiting him from "entering, attempting to enter, or remaining at the following locations: * * * The area 150 feet from [the victim]." The state responds that the testimony of Officer Shadron, the officer who responded to a disturbance at defendant's house, is sufficient to support the conviction.

At trial, Officer Shadron testified that, when he arrived at defendant's house, he observed defendant lying on top of the victim with his hand over her mouth. Defendant then testified to the following: he and the victim had an on-again, off-again relationship for about eight years; on the day of the incident, he awoke to the sound of an argument in his living room; upon investigating, he discovered that the victim had entered his house without permission; after ignoring his repeated requests that she leave his house, the victim

attacked him and caused him to fall on top of her. The evidence, defendant argues, shows merely that he was within 150 feet of the victim, not that he willfully entered or attempted to enter the area within 150 feet of the victim.

As stated above, we accept the factfinder's reasonable credibility choices when we determine whether the evidence, viewed in the light most favorable to the state, permits a reasonable trier of fact to find beyond reasonable doubt that defendant willfully violated the order. Thus, the trial court was entitled to disbelieve defendant's testimony that the victim attacked him. In this case, it appears that the trial court did just that. In its role as factfinder, the court made an express credibility finding regarding defendant: "I just don't believe him. I don't find him credible. * * * I found his manner of testifying just not credible to me."

The remainder of defendant's testimony and the testimony of Officer Shadron permitted the trial court to find that defendant violated the restraining order. That is, the evidence was sufficient to support a finding that, after discovering the victim in his residence, defendant approached and assaulted her, thereby willfully entering an area that he was prohibited from entering by the restraining order.

■ The dissent disagrees. It posits that "[t]o prove the charge that it made, the state needed to show that defendant was situated outside of that location, an area bounded by a line 150 feet from the victim and then entered that defined location." 215 Or App at 381 (Sercombe, J., dissenting). The dissent's literal interpretation of the court's restraining order fails to capture the restraining order's intended import as evidenced by its language. The language of the restraining order creates a 150-foot radius of protected space around the victim. Defendant was prohibited from entering any portion of the area within that 150-foot radius. At the point in time that defendant discovered the victim in his residence, he was not in violation of the restraining order because he had not willfully entered an area that was protected by the restraining order. Stated otherwise, at that point in time, there had been no "entry" by defendant within the meaning of the restraining order because the order contemplates a willful entry, not an inadvertent entry.

■ However, once defendant moved from his original location willfully toward the victim, he entered into space protected by the restraining order. Because the trial court could reasonably infer from the evidence that defendant willfully invaded a portion of the area protected by the restraining order by approaching the victim, lying on top of her, and putting his hand over her mouth, it did not err by concluding that defendant's conduct violated the restraining order. In sum, it was those actions that constituted the willful entry contemplated by the restraining order and that violated the restraining order. We conclude, therefore, that the evidence supports the court's contempt finding.[1]

Affirmed.

**SERCOMBE, J.,** dissenting.

I disagree with the majority's decision affirming the trial court's denial of defendant's motion for a judgment of acquittal. Although defendant's actions may have violated other parts of the restraining order, he was charged only with "willfully enter[ing] or attempt[ing] to enter within 150 feet of [the victim]." The restraining order itself enjoined defendant from "entering, attempting to enter, or remaining at the following location[ ]: * * * [t]he area 150 feet from [the victim]." There was simply no evidence presented at trial that defendant entered or attempted to enter the "location" that was "the area 150 feet from [the victim]." To prove the charge that it made, the state needed to show that defendant was situated outside of that location, an area bounded by a line 150 feet from the victim, and then entered that defined location. The state made no such showing.

The majority reasons that defendant "willfully invaded a portion of the area protected by the restraining

---

[1] Under the dissent's interpretation of the restraining order, defendant would have been entitled to approach the victim with impunity because he had made no entry from outside the 150-foot area. In light of the purpose of the restraining order, the trial court could not have intended that result when it enjoined defendant from "entering, attempting to enter or remaining" within 150 feet of the victim. Also, it was not necessary to a finding of contempt that the state charge defendant with "remaining" within 150 feet of the victim. "To remain" in a location connotes a passive act. According to the evidence, defendant did not remain passively in the location where he first observed the victim.

order by approaching the victim, lying on top of her, and putting his hand over her mouth[.]" 215 Or App at 381. Moving about within the space that was the subject of the restraining order's prohibition, however, is not the same as "entering" that "location."

The ordinary meaning of the word "enter" is "to go or come into a material place: make a physical entrance or penetration[.]" *Webster's Third New Int'l Dictionary* 756 (unabridged ed 2002). That is certainly the meaning of "enter" for purposes of the crime of burglary in the second degree, when a "person enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.215(1). In that sense, a defendant "enters" the proscribed location only when he "goes into" and makes a "physical entrance" into the "location [that is] the area 150 feet from" the victim. That means that defendant must have moved from a location more than 150 feet from the victim to a "location [that is] the area 150 feet from" the victim. The majority defines that restricted location by the direction of defendant's travel ("approaching the victim") and the entry by defendant's physical interaction with the victim ("lying on top of her, and putting his hand over her mouth"). Instead, the location should be defined by the physical dimensions of an area around the victim, and any entry into that location should be understood to involve physical movement and passage.

My espoused meaning of "enter"—that it means physically crossing the boundary of an area around the victim—is confirmed by the context of the other parts of the restraining order and the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735, from which the order was drawn. ORS 107.718 defines the permitted restrictions in a restraining order issued under FAPA. On a showing that a petitioner has been a victim of abuse, that there is an imminent danger of further abuse, and that a respondent represents a credible threat to the physical safety of the petitioner, a court may order, among other things, that a "respondent be restrained from entering, or attempting to enter, a reasonable area surrounding the petitioner's current or subsequent residence * * *." ORS 107.718(1)(c). ORS 107.718(1)(g) separately allows the court to order

"[t]hat the respondent be restrained from entering, or attempting to enter, on any premises and a reasonable area surrounding the premises when it appears to the court that such restraint is necessary to prevent the respondent from intimidating, molesting, interfering .with or menacing the petitioner * * *."

ORS 107.718(1)(e) adds a potential restraint of preclusion "from intimidating, molesting, interfering with or menacing the petitioner, or attempting to intimidate, molest, interfere with or menace the petitioner[.]" Finally, ORS 107.718(1)(h) provides authority for the order to include "[o]ther relief that the court considers necessary to provide for the safety and welfare of the petitioner * * *."

Defendant's restraining order implemented those parts of ORS 107.718. Pursuant to ORS 107.718(1)(c), defendant was restrained from "intimidating, molesting, interfering with or menacing [the victim]; or attempting to intimidate, molest, interfere with or menace [the victim] (directly or through third parties)." Under ORS 107.718(1)(c), defendant was enjoined from "entering, attempting to enter, or remaining at the following location[ ]: * * * [the victim's] current or subsequent residence (building and land) or within 150 feet of that location." (Emphases in original.) Acting under ORS 107.718(1)(g) and (h), the court prohibited defendant from "entering, attempting to enter, or remaining at the following location[ ]: * * * [t]he area 150 feet from [the victim]."

Both FAPA and the restraining order, then, proscribe distinct categories of behavior. It is reasonable to read those classifications as generally setting out different restraints rather than listing reiterations of the same limitation. The order specifically lists the restricted interactions with the victim in terms defined by FAPA: intimidating (acting in a manner reasonably expected to threaten the victim, thereby compelling or deterring conduct), menacing (acting in a manner reasonably expected to threaten the victim), molesting (acting with hostile intent or injurious effect in a manner reasonably expected to annoy, disturb, or persecute the victim), as well as attempting those actions. ORS 107.705; ORS 107. 718. The majority reads the restriction on "entering" a particular "location" as including some of the

personal interactions with the victim that are limited elsewhere in the order. I interpret the categories of restraints as intending to restrict separate behaviors. Approaching the victim and physically overcoming her may well be intimidating, menacing, or molesting the victim. But that conduct is different from "entering" the location defined in the order. Similarly, defendant may have "remained" within that location and violated the order for that reason. But that is a separate category of offense from "entering" the location and one that was not charged.

In sum, the charge of "entering" a particularly defined "location"—"[t]he area 150 feet from [the victim]"—is not proved by evidence of a hostile physical altercation with the victim. The majority opinion's construction of "entering" is inconsistent with its plain meaning and redundant of other categories of restraint separately limited by the order. Because I disagree with that construction and believe that the trial court erred in denying defendant's motion for a judgment of acquittal, I respectfully dissent.